## WILL CARTER v. THE STATE.

### No. 7343. Decided January 17, 1923.

### Rehearing Denied February 7, 1923.

1.—**Possession of Intoxicating Liquor—Statement of Facts.**

Where the denominated paper as the statement of facts bore neither the signature of counsel nor the approval of the trial judge, the same can-

not be considered on appeal, and questions of instructions to the jury cannot therefore be reviewed.

**2.—Same—Rehearing—Withdrawal of Statement of Facts.**
Where no reason can be shown why a rehearing should be granted in this court or permission be granted to withdraw the statement of facts for the approval of the trial judge, motion for a rehearing will be overruled.

Appeal from the District Court of Harrison. Tried below before the Honorable P. O. Beard.

Appeal from a conviction of unlawfully possessing intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Hall, Brown & Hall,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The paper denominated as the statement of facts bears neither the signature of counsel nor the approval of the trial judge. A statement of facts authenticated by the trial judge is essential to authorize a consideration of the facts.

There are bills of exceptions complaining of the manner in which the jury was instructed. In the absence of knowledge of the facts, the merits of the exceptions to the charge or to the refusal of special charges cannot be determined.

Finding nothing in the record which warrants a reversal, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

February 7, 1923.

LATTIMORE, Judge.—At a former day of this term this case was affirmed. Appellant now files what is called his motion to withdraw the statement of facts for approval by the trial judge by *nunc pro tunc* order, and asks for a rehearing. We regret that we do not know of any authority that would justify the judge of the trial court in making a *nunc pro tunc* order directing the approval of a statement of facts after the expiration of the ninety days from the adjournment of the trial term of the court below. There appears no effort made to show that in fact the judge of the trial court did approve the said statement of facts, but for some reason failed to enter thereon his approval. Knowing no reason, and none being shown, why a rehearing should be granted or permission given to withdraw the statement of facts for the entry

of an order which would appear to be without authority, the motion for rehearing will be overruled.

*Overruled.*